## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONN JEAN,                          :
                                    :       No. 4:10-CV-1568
                Plaintiff,          :
                                    :
        v.                          :       Hon. John E. Jones III
                                    :
JOSEPH P. GERARDI,                  :
                                    :
                Defendant.          :

## MEMORANDUM

May 8, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Presently pending before the Court is the Motion for Summary Judgment of

Defendant Joseph P. Gerardi. (Doc. 29). The Motion has been fully briefed (Docs.

30, 32, 34) and is thus ripe for disposition. For the reasons fully articulated herein,

we will grant the Defendant's Motion and enter judgment as a matter of law in

favor of the Defendant.

## I.    PROCEDURAL HISTORY

Plaintiff Donn Jean ("Plaintiff")[1] commenced the above-captioned action by

filing a Complaint against Defendant Joseph P. Gerardi ("Defendant") and

---

[1] This action was initially brought by both Donn Jean and Mary Jean. However, all claims asserted by Plaintiff Mary Jean were dismissed on August 12, 2011, pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). (Docs. 25, 26).

Defendant City of Williamsport ("City") on July 28, 2010. (Doc. 1). The collective

Defendants filed a Motion to Dismiss (Doc. 6) on November 1, 2010, and on

March 18, 2011, this Court issued an Order (Doc. 12) dismissing Plaintiff's

substantive due process claim and state law claims for replevin and conversion

with prejudice, and dismissing without prejudice Plaintiff's *Monell* claim against

the City. (*Id.*). Plaintiff filed an Amended Complaint (Doc. 13) on March 31, 2011,

and the Defendants again moved to dismiss the Plaintiff's *Monell* claim. (Doc. 14).

On July 27, 2011, this Court issued an Order (Doc. 23) granting the Defendant's

Motion to Dismiss and dismissing the City as a Defendant.

Following a period of discovery, Defendant filed the instant Motion for

Summary Judgment on March 28, 2012. (Doc. 29). The Motion has been fully

briefed and is thus ripe for the Court's review. (Docs. 30, 32, 34).

## II.    STANDARD OF REVIEW

Summary judgment is appropriate if the record establishes "that there is no

genuine issue as to any material fact and that the movant is entitled to judgment as

a matter of law." Fed. R. Civ. P. 56(c).  Initially, the moving party bears the

burden of demonstrating the absence of a genuine issue of material fact. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant meets this burden by

pointing to an absence of evidence supporting an essential element as to which the

2

non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a fact finder could draw therefrom. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## III.  STATEMENT OF MATERIAL FACTS

The facts relevant to our analysis of this Motion are straightforward and largely undisputed between the parties. In accordance with the standard of review applicable to a motion for summary judgment, all facts and reasonable inferences derived therefrom are viewed in the light most favorable to the Plaintiff as the nonmoving party.

Plaintiff Donn Jean ("Plaintiff") is and has been the owner of a four-unit apartment structure located at 1425-1427 Park Avenue in Williamsport, Pennsylvania, since approximately 2000. (Doc. 31, ¶ 1).[2] Defendant Joseph Gerardi ("Defendant") is the Codes Administrator for the City of Williamsport's Bureau of

---

[2] Plaintiff admits to Paragraphs 1 through 47 of the Defendant's Statement of Undisputed Material Facts. (Doc. 31, ¶¶ 1-47; Doc. 32, ¶¶ 1-47). In the interest of saving space, where the factual statement is agreed to, we cite only to the Defendant's Statement of Facts.

Codes and has held this position for approximately three and one-half years. (*Id.* ¶ 2).

Plaintiff resided at the Park Avenue rental property from approximately 2000 until he moved to 1351 Pennsylvania Avenue in Williamsport, Pennsylvania, in late 2008. (*Id.* ¶¶ 15-16). Upon moving, Plaintiff received a change of address form and completed it, returning it to his mail carrier in November of 2008. (*Id.* ¶¶ 17-20). Consistent with its policies for forwarding mail, Plaintiff's mail was forwarded from the Park Avenue address to his Pennsylvania Avenue address for one year following his move. (*Id.* ¶¶ 21-23, 25-26). Plaintiff never had any problems receiving mail at his new address, received all mail that he expected to receive, and never had any problems with stolen or misplaced mail. (*Id.* ¶¶ 27-31). Plaintiff never complained to his mail carrier regarding his mail service. (*Id.* ¶ 31). Plaintiff traveled on business in 2009 and never had any problems with receiving mail during that time period. (*Id.* ¶¶ 32-35).

Plaintiff's Park Avenue rental property had a detached garage which was approximately twenty-two feet wide by twenty-two feet long, located in the rear of the property which was serviced by an alley. (*Id.* ¶¶ 37-39). The garage had two large, wooden vehicle access doors in addition to two residential-style doors located on each end. (*Id.* ¶¶ 40-41). Plaintiff stored tools, equipment, and other

supplies inside the garage. (*Id.* 45). After Plaintiff moved to the Pennsylvania

Avenue address, he visited his Park Avenue property once per week, when not

traveling on business, and during each visit he would drive past and inspect the

garage. (*Id.* ¶¶ 42-43).

      In May of 2009, the walls of the garage were starting to bow, the roof was

caving in, and structural members were not in place. (*Id.* ¶ 44). Thomas Evansky,

III, Codes Enforcement Officer for the Bureau of Codes, testified that he mailed a

notice of violation and a notice of condemnation to Plaintiff at the Park Avenue

address on May 15, 2009. (*Id.* ¶¶ 48-52). He stated that the notices were not

returned as undeliverable; he further explained that while he was not contacted by

the Plaintiff regarding the notices, it was not uncommon for property owners to fail

to respond. (*Id.*). Evansky testified that in a situation where he did not receive a

response from the property owner, he would explore other options, including

contacting the owner or posting a notice on the property. (Doc. 33, ¶ 3).

      Evansky also testified that on May 13, 2009, approximately one year prior to

the demolition, a condemnation placard noticing the Plaintiff to the impending

demolition was placed on the garage's door. (Doc. 31, ¶ 57). Defendant testified

that on August 10, 2009, he sent a letter to Plaintiff at the Park Avenue address

advising that the structure must be removed on or before September 10, 2009 and

that this letter was likewise not returned as undeliverable. (*Id.* ¶ 54).

Plaintiff stated that he visited the garage in June and July of 2009 to do work. (*Id.* ¶ 58). While Plaintiff has asserted that he does not recall observing the condemnation placard warning him of impending demolition of the structure, he admits that a photograph attached to the Defendant's Motion does depict the warning placard on the structure's door on May 13, 2009. (*Id.*; Doc. 33, ¶ 57). On June 5, 2009, shortly after the placard was placed on the door, Plaintiff rented a dumpster to clean out the garage. (Doc. 31, ¶ 59). Plaintiff's tenant and long-time neighbor at the rental property, Michael Miller, stated that he observed the placard two or three days before Plaintiff arrived to clean out the garage. (Doc. 57). On May 3, 2010, the Williamsport Bureau of Codes, at the direction of Defendant Gerardi, demolished the Plaintiff's garage, and Plaintiff for the first time learned of the demolition from one of his tenants on that date. (*Id.* ¶¶ 46-47).

## IV.   DISCUSSION

To state a Section 1983 claim based upon an alleged violation of procedural due process rights secured by the Fourteenth Amendment, the Plaintiff must show: (1) that he was deprived of a protected liberty or property interest, (2) that the deprivation was without due process, (3) that the defendants subjected plaintiff or caused plaintiff to be subjected to this deprivation without due process, (4) that

defendants were acting under color of state law, and (5) that the plaintiff suffered injuries as a result. *See Schwartz v. Cnty. of Montgomery*, 843 F. Supp. 962, 969-73 (E.D. Pa. Feb. 3, 1994).

As we noted in our March 18, 2011 Order (Doc. 12) granting in part and denying in part the Defendant's Motion to Dismiss, the parties do not appear to contest that the Plaintiff properly alleges, and has supported with evidence, that he suffered a deprivation of a protected property interest, that the Defendant was acting under color of state law, and that the Plaintiff suffered injuries as a result of the Defendant's actions. Thus, the dispute underlying Plaintiff's sole remaining claim against the Defendant is limited to whether the Defendant subjected the Plaintiff to this deprivation without affording him due process of law. Plaintiff contends that genuine issues of fact remain as to whether the Defendant mailed condemnation notices or posted a condemnation placard on the property and that summary judgment is thus inappropriate on this issue.

Defendant's arguments in support of summary judgment on this limited point are twofold: first, Defendant asserts that the letters and notices that he and Evansky mailed to Plaintiff and the placard placed on Plaintiff's garage constitute sufficient notice under the governing case law and, second, Defendant posits that the Plaintiff has neither argued nor presented evidence to support that the alleged

8

inactions of the Defendant were the result of recklessness, gross negligence, or deliberate decision to violate the Plaintiff's rights. We address each argument *seriatim*.

### A.    Sufficiency of Defendant's Notice

As the Supreme Court held in *Jones v. Flowers*, 547 U.S. 220 (2006), where the government intends to take an individual's property, it must provide notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 226. In *Borkon v. City of Philadelphia*, an analogous and instructive opinion, the District Court for the Eastern District of Pennsylvania explained that where notice is sent by regular mail, and not returned to the sender as undeliverable, a presumption arises that the notice has been received and due process requirements are deemed satisfied. *See Borkon v. City of Phila.*, 2008 U.S. Dist. LEXIS 66905, *8 (E.D. Pa. Aug. 29, 2008).

On this point, the record establishes the following facts: When Plaintiff moved from his Park Avenue rental property to Pennsylvania Avenue, Plaintiff received, completed, and submitted a change of address form with United States Postal Service (Doc. 31, ¶¶ 18-20). After Plaintiff moved to the Pennsylvania Avenue address, he received all forwarded mail that he expected to receive and

never had any problems receiving forwarded mail (*Id.* ¶¶ 26-30), and Plaintiff did

not have problems regarding stolen mail (*Id.* ¶ 30). Evansky testified that he issued

and mailed both a notice of violation and a notice of condemnation to the Plaintiff

at his Park Avenue rental property address, which had served as his residence until

he moved to Pennsylvania Avenue, and copies of those notices, dated May 15,

2009, are attached to the Defendant's Motion. (*Id.* ¶ 30, Exs. 9-10). The notices

were not returned to sender as undeliverable. (*Id.* ¶52). Finally, Plaintiff stated that

he did not receive, or does not recall receiving, the notices of violation or

condemnation. (*Id.* ¶¶ 53-56).

Defendant argues that the copies of the notices in the record, together with

the testimony of non-party Evansky stating that he issued and mailed both of the

notices to Plaintiff, supports a finding that the Defendant provided Plaintiff with

the requisite due process in condemning his garage. Plaintiff responds that his

testimony that he did not receive or does not remember receiving them gives rise to

a reasonable inference that the notices were never mailed.

Plaintiff's suspicion that the notices were never mailed is itself insufficient

for purposes of a summary judgment motion. Indeed, the Third Circuit has long

held that such bare assertions, speculation, and suspicions are insufficient to

survive summary judgment. *See Kirleis v. Dickie, McCamey & Chilcote*, 560 F.3d

156, 161 (3d Cir. 2009); *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir.

2005). The District Court for the Eastern District of Pennsylvania again provides

us with guidance: in *Fiore v. Giant Food Stores, Inc.*, 1998 U.S. Dist. LEXIS 5418

(E.D. Pa. Apr. 17, 1998), the court held that conclusory assertions such as "I never

got the pleading" do not rebut the presumption of receipt, holding that the burden

is on the party challenging receipt to come forth with evidence that the mail was

not sent or that the mail service was deficient. *See id.* at *5. Thus, Plaintiff's bare

assertion that he never received the mail, unsubstantiated by additional evidence,

does not rebut the presumption that the notice was received.

Plaintiff next contends that the placard placed on the garage's access door  is

insufficient notice, whether independently or in conjunction with the mailed

notices, and failed to provide him the requisite due process because he did not

notice it and does not know how long it was there. Plaintiff admits that "a placard

was placed on the garage door for an unknown length of time" but argues that

"there remains a genuine dispute as to how long the placard remained on the

garage." (Doc. 32, pp. 5-7). Plaintiff concedes that a photograph attached to the

Defendant's Motion depicts the placard placed on the garage door on May 13,

2009. (Doc. 33, ¶ 57).  While Plaintiff states that he never observed the placard, his

tenant and long-time neighbor at the Park Avenue rental property, Michael Miller,

stated that he observed the placard two or three days before Plaintiff arrived to clean out the garage. (Doc. 57). However, Plaintiff contends that because he did not observe the placard, it was insufficient notice. Again, as with the mailed notices, Plaintiff's argument is misplaced.

The Supreme Court has long held that "posting notice on real property is 'a singularly appropriate and effective way of ensuring that a person . . . is actually apprised of proceedings against him." *Jones*, 547 U.S. at 236. As we have stated previously, the due process clause does not require that the Plaintiff has actually *received* notice, but that the government provided notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* Physically posting notice on the condemned property has long been held to be an independently sufficient and entirely reasonable means of notifying a plaintiff of the proceeding against the property, and here, Plaintiff has failed to put forth any evidence demonstrating that notice was not in fact placed on the condemned property. Indeed, other than Plaintiff's own assertions, the evidence of record establishes that notice was posted approximately one year prior to the demolition. Thus, Plaintiff's argument on this point fails as well.

In sum, the record establishes that the Defendant mailed two notices, one of

violation and one of condemnation, to the Plaintiff at his rental property, and as an

alternative means of notifying him, placed a condemnation placard on the front

door of the garage scheduled to be demolished. The question for this Court is not

whether the Plaintiff observed or received the notice, but whether the notice was

such that the Defendant could reasonably expect Plaintiff to be apprised of the

pending condemnation. Plaintiff's conclusory and unsubstantiated assertion that he

never received the notices or that he never observed the placard are insufficient to

survive summary judgment and, quite plainly, miss the mark of the question put to

us. Plaintiff has failed to present evidence to this Court which creates a genuine

issue of material fact for trial with respect to the critical issue of whether the

Defendant's exercised reasonably calculated efforts to apprise Plaintiff of the

pending condemnation.

### B.    Section 1983's "Mens Rea" Requirement

Finally, we note that even if we were to accept the argument that a genuine

issue of material fact exists for trial with respect to the notices, letter, and placard,

Plaintiff's claim fails for the critical reason that the record entirely fails to show, by

argument or example, either recklessness, gross negligence, or deliberate decision

on the part of the Defendant. Indeed, while the Defendant makes this argument in

his brief, Plaintiff entirely neglects it in his opposition papers, seemingly

13

conceding that no evidence in the record demonstrates such a mental state. While the point appears to be uncontested in Plaintiff's brief, we address it briefly for the sake of completeness.

In order to hold a defendant liable for a procedural due process violation, the plaintiff must "'at a minimum, prove recklessness or gross negligence and in some instance may be required to show a deliberate decision to deprive the plaintiff of due process.'" *Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 196 (3d Cir. 2009); *see also Davidson v. O'Lone*, 752 F.2d 817, 828 (3d Cir. 1984) ("[A]ctions may be brought in federal court under § 1983 when there has been infringement of a liberty interest by intentional conduct, gross negligence, or reckless indifference."). Mere negligence is insufficient to sustain a § 1983 claim based upon an alleged violation of procedural due process. *Chambers*, 587 F.3d at 196 (quoting *Daniels v. Williams*, 474 U.S. 327, 332 (1986)).

As the Defendant quite aptly points out, Plaintiff offers neither example nor argument with respect to this long-established and fundamental requirement. Indeed, other than the conclusory allegation that the Defendant's handling of the demolition was "reckless, grossly negligent, and/or a deliberate intent to drive him of his property," (Doc. 32, p. 5), Plaintiff entirely fails to address the Defendant's argument on this point, impliedly conceding that the Defendant's alleged actions,

14

or alleged inactions as the case may be, do not rise to the level of gross negligence or recklessness.

Careful consideration of the record brings the Court to the same conclusion as the Defendant. If a jury were to accept all of Plaintiff's conclusory assertions as true, the Defendant, at most, failed to mail a notice of violation and condemnation to the Plaintiff. Importantly, however, Plaintiff concedes that the Defendant *did* place a placard on the access door to the garage for some period of time prior to demolishing the structure, and the Third Circuit has long-held that notification physically placed on the property is an independently appropriate means of apprising a person of proceedings against him, thus satisfying the procedural due process requirements. *Jones*, 547 U.S. at 236.

Accordingly, the Defendant's alleged failure to mail the notices to Plaintiff, in light of the judicially-accepted alternative notice provided, was, at worst, the result of mere negligence, which is insufficient to support a Section 1983 cause of action. For this reason, we find that Plaintiff has entirely failed to demonstrate a genuine issue of material fact with respect to the fourth element of his procedural due process claim, entitling the Defendant to judgment as a matter of law.

## V.    CONCLUSION

In sum, the Plaintiff has altogether failed to prove to this Court that genuine issues of material fact for trial remain in dispute. As stated at length, the record establishes that the Defendant mailed at least three notices to Plaintiff at his previous residence. In addition, he posted a warning placard on the condemned garage, which the Plaintiff accessed regularly. Plaintiff's assertion that he does not recall receiving the notices is, alone, insufficient to establish that notice was not mailed; as stated above, mere denial of receipt, without more, does not overcome the presumption.

Critically, whether notice attempts are sufficient is not to be determined in hindsight, but instead *ex ante*, inquiring "from the viewpoint of the government agency at the time its notice is sent" whether the efforts were reasonably calculated. *Jones*, 547 U.S. at 231. Pursuant to governing and guiding case law and the record before us, the Plaintiff has failed to provide evidence demonstrating that the Defendant's several efforts were not reasonably calculated. Finally, as noted, the record contains no evidence, and the Plaintiff does not argue, that the Defendant's alleged inactions were the result of gross negligence, recklessness, or deliberate decision, a fundamental element of his Section 1983 claim.

Accordingly, and for all of the foregoing reasons, we find that the Plaintiff

16

has failed to prove the existence of a genuine issue of material fact, presenting no evidence other than his own speculative assertions and conclusory allegations, to counter the evidence presented by the Defendant establishing that appropriate notice was provided. Therefore, we shall grant the Defendant's Motion for Summary Judgment and enter judgment as a matter of law in favor of the Defendant. An appropriate Order shall issue.